# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PHILLIP BOYER #1517493 | § | |
| | § | |
| V. | § | A-09-CA-890-SS |
| | § | |
| SHEILA GASKINS, MR. SULLIVAN, | § | |
| MR. YOUNG, MS. LOPEZ, and | § | |
| MRS. BODDEN | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
 UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document 1), Plaintiff's more definite statement (Document 2), and Plaintiff's "Motion of Complaint" (Document 17). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Austin Transitional Center. However, Plaintiff was recently released. Plaintiff alleges the Austin Transitional Center: (1) uses employees that are not qualified to dispense medication; (2) has overcrowding in the trailers; (3) has structural, plumbing, electrical and fire code violations; (4) violates the 8th Amendment; (5) illegally opens mail and makes photocopies of it; and (6) illegally

operates as a finance institution. Plaintiff sues Sheila Gaskins, Director Sullivan, Mr. Young, Ms. Lopez, and Mrs. Bodden. He seeks $10 million in punitive damages.

After the Court reviewed the Plaintiff's complaint, he was ordered to file a more definite statement, specifying what each of the defendants did to violate his constitutional rights.[1] Plaintiff's more definite statement was due on or before January 4, 2010. On January 25, 2010, the Court received what purports to be Plaintiff's untimely filed more definite statement. The more definite statement is not signed, and Plaintiff failed to declare, under penalty of perjury, that his more definite statement is true and correct. Furthermore, Plaintiff failed to answer the questions proposed by the Court and instead lists "medical indifference" as his only ground for relief. Plaintiff states "Employee without proper training from healthcare proffessional [sic] dispensing medication to clients. Legally monitors must be certified." In addition, Plaintiff marked through the defendants' names on the more definite statement and replaced them with "ATC, TDCJ, TDCJ-ID."[2]

Also on January 25, 2010, Plaintiff filed a "Motion of Complaint." Plaintiff lists 17 alleged building and safety code violations at the Austin Transitional Center. He lists an additional 12 items he finds objectionable, relating to mail, finances, religion, living areas, courtyard access, the multi-purpose room, rodents, pest control, windows and roof leaks, the dispensing of medication, and

---

[1] This case was originally filed as a joint action along with James Shivers as a co-plaintiff. The Court ordered the cases severed on December 14, 2009, *see* Clerk's Doc. No. 5, and the claims filed by Shivers were given a new cause number (A-09-CV-897).

[2] Plaintiff has not filed an amended complaint, adding ATC, TDCJ or TDCJ-ID as defendants. The Court notes any claims brought against TDCJ or TDCJ-ID would be barred by sovereign immunity. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

medical screening for kitchen workers. In a "Declaration of Nolo," filed by Plaintiff on January 25, 2010, he refers to his lawsuit as a "negligence action."

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent [dismissal]." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff's allegations are insufficient to state a constitutional violation. Plaintiff's allegations are vague and conclusory. He does not specify when any of any of the violations allegedly occurred. Moreover, Plaintiff does not even make clear whether he was the subject of the alleged violations, and he has not alleged he suffered any harm. In fact, Plaintiff does not seek compensatory damages. Rather, he seeks $10 million in punitive damages. Plaintiff simply has not alleged sufficient facts in any of his pleadings that would give rise to a plausible claim against any defendant.

3

Further, to the extent Plaintiff is attempting to assert a negligence claim, that claim is not cognizable in this court. A plaintiff may maintain a federal civil rights suit only if he can show an abuse of government power that rises to a constitutional level. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695-96 (1979). See also, Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). It is well settled that negligence on the part of jail officials does not give rise to civil rights claims. Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995); Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE